# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JERRY B. EZEBUIROH, #19059152,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 20-cv-00205-JPG |
| ) | |
| **JOHN DOE(S) 1** ) | |
| **JOHN DOE(S) 2, and** ) | |
| **KENNY BENZING,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jerry Ezebuiroh, a detainee at Marion County Law Enforcement Center ("Jail"), brings this action for deprivations of his constitutional rights at the Jail pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff alleges that he was subjected to the unauthorized use of force by Jail staff and denied medical care for his resulting injuries on July 27, 2019. (Doc. 1, pp. 7-10). He seeks money damages and employment termination of the defendants. (*Id.* at p. 11).

The Complaint is now subject to screening under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The allegations are liberally construed in favor of the *pro se* plaintiff at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 7-10):  On July 27, 2019, several officers subjected Plaintiff to excessive force.  They blamed him for kicking the dayroom door when he was nowhere near it.  While cuffing him and transferring him from the dayroom to a holding cell, the officers began punching Plaintiff in the right ear and head.  They shot him in the chest with a taser gun and caused him to fall and hit his head.  One of the officers then pulled Plaintiff's left hand through the chuckhole door and tightened the cuffs while using racial slurs.  The sheriff threatened Plaintiff by cocking his gun while demanding the cuffs.  Plaintiff was denied medical care for injuries to his ear, head, and leg.  (*Id*.).

The Complaint focuses on the following two enumerated counts:

**Count 1:**     Defendants subjected Plaintiff to the unauthorized use of force and/or failed to intervene and stop its use on July 27, 2019.

**Count 2:**     Defendants denied Plaintiff necessary medical care for injuries caused by the unauthorized use of force against Plaintiff on July 27, 2019.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

### Discussion

Neither claim survives screening under Section 1915A.  *See McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018) (citing *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018)) (articulating legal standards for excessive force and medical claims brought by pretrial detainees).  Section 1983 liability hinges on personal responsibility for a constitutional deprivation.  *Colbert v. City of Chicago*, 851 F.3d 649 (7th Cir. 2017).  Plaintiff has not identified each defendant with sufficient clarity to state a claim against any particular individual.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In the case caption and list of defendants, Plaintiff refers to groups of defendants, including "multiple John Doe(s) 1 c.o. officer(s)," "multiple John Doe(s) 2 sheriff(s)," and "John Doe 3 Jail Administrator" (later identified as Kenny Benzing).  (Doc. 1, pp. 1-3).  In the statement of his claim, however, Plaintiff refers to nebulous groups of defendants or individuals who are not mentioned in the list of defendants or case caption.  (*Id*. at pp. 7-11).  For example, he refers to defendants as "one of the c.o. officers," "multiple C.O. John Doe(s) 1," "one of the multiple John Doe(s) 1," "one of them," "the other two John Doe(s) 1," "them," "Sheriff buddys (sic)," and "Sheriff of Marion County."  The Court cannot track these references to individual defendants, let alone non-parties.[2]

When a plaintiff does not know the name of a defendant, he may use a fictitious name to refer to an individual defendant instead.  *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980).  However, Plaintiff should select a *single* fictitious name to represent *one defendant* (*e.g.*, John Doe 1, John Doe 2, John Doe 3, etc.).  He should also refer to that individual using the *same name* in the case caption, list of defendants, and statement of claim.  Plaintiff should refrain from naming entire groups of defendants or using pronouns to refer to defendants when doing so creates ambiguity.  If the plaintiff faces barriers to determining the identities of unknown individual defendants, the court will assist him in conducting the necessary investigation.  *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 n. 3 (7th Cir. 1996) (collected cases); *see also K.F.P. v. Dane County,* 110 F.3d 516, 519 (7th Cir. 1997).  However, this generally occurs *after* the case survives Section 1915A review.  *Rodriguez*, 577 F.3d at 832.  Here, Plaintiff fails to select a name for each individual defendant or refer to any defendant with sufficient clarity to articulate a constitutional claim against a defendant in the first place.

---

[2] The "Sheriff of Marion County" and "Sheriff buddies" are not even named as defendants.

Plaintiff must re-draft the complaint, if he wishes to pursue his claims any further in this action. If he chooses to do so, Plaintiff must follow the instructions and deadline for amending the complaint in the below disposition. He is warned that failure to do so shall result in dismissal of this action with prejudice for failure to comply with a court order and/or prosecute his claims. *See* FED. R. CIV. P. 41(b).

### Pending Motion

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating factors district court must consider when presented with request for counsel by indigent litigant). Plaintiff has demonstrated some efforts to locate counsel on his own, but it is unclear whether he sought counsel in connection with this particular case. Moreover, the Court is not convinced that he requires an attorney to represent him in this matter. Plaintiff has demonstrated his ability to prepare and file coherent pleadings articulating claims in numerous cases and simply needs to identify defendants herein with more specificity. If it becomes necessary to recruit counsel for Plaintiff as the case proceeds, the Court or Plaintiff may revisit this issue.

### Disposition

**IT IS ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **June 9, 2020**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*,

34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).  The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original Complaint.  Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.  The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form for use in preparing the First Amended Complaint.

   **IT IS SO ORDERED**.

   **DATED: 5/12/2020**                              s/J. Phil Gilbert
                                                     **J. PHIL GILBERT**
                                                     **United States District Judge**

5