IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JERRY B. EZEBUIROH, #S12813,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 20-cv-00205-JPG |
| ) | |
| **KENNY BENZING,** ) | |
| **JOHN DOE 1,** ) | |
| **JOHN DOE 2,** ) | |
| **and JOHN DOE 3,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the First Amended Complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiff Jerry Ezebuiroh, a former detainee at Marion County Law Enforcement Center ("Jail"). (Doc. 18). Plaintiff alleges that Defendants used excessive force against him and denied him medical care for his resulting injuries on July 27, 2019, all in retaliation for filing complaints about the conditions of his confinement and/or lawsuits against staff. (*Id*. at 8-18). He seeks money damages, expungement of his record, and employment termination of the defendants. (*Id*. at 19).

The First Amended Complaint is now subject to screening under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The allegations are liberally

construed in favor of the *pro se* plaintiff at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## First Amended Complaint

Plaintiff sets forth the following allegations (Doc. 18, pp. 8-18): On July 27, 2019, Officers John Doe 1, 2, and 3 instructed Plaintiff to stop kicking his cell door, after he exited his cell and pushed a call button to request a blanket and a cell with running water. (*Id*. at 8). When Plaintiff denied kicking the door, the officers placed him in handcuffs. (*Id*.). Officer Doe 2 used a taser gun to shoot him in the chest. (*Id*.). All three officers then escorted him off D-Block. (*Id*.). As they did so, Officer Doe 2 punched Plaintiff in the face and ear with closed fists, and the officer told Plaintiff to "see what happens" if he "writes . . . up" the incident. (*Id*. at 10, 12).

Officers Doe 2 and 3 forced Plaintiff into a "detox cell." (*Id*. at 13). In the process, they caused him to fall and sustain injuries to the back of his head and leg. (*Id*.). Officer Doe 3 then caused Plaintiff to suffer further injury by requiring him to place his wrists through the chuckhole door before removing his cuffs. (*Id*. at 14). Plaintiff pulled his wrist(s) away in pain. (*Id*.). At the same time, Officers Doe 1 and 3 threatened to harm Plaintiff and his mother. (*Id*. at 16). Officer Doe 1 cocked his gun and asked Plaintiff whether he had ever been shot with a "real" gun. (*Id*.). Kenny Benzing and two officers then entered Plaintiff's cell and ordered him to roll onto his stomach while they removed his cuffs. (*Id*. at 17). Even though Plaintiff complied with the order, Benzing held a taser gun to his head. (*Id*.). Following these events, Benzing issued a "false" report against Plaintiff for aggravated battery of Officer Doe 3. (*Id*. at 18). The officers denied Plaintiff medical care for his injuries. (*Id*. at 13).

Plaintiff claims that all of the officers retaliated against him for complaining about the lack of water in his cell, and Officer John Doe 2 retaliated against him for filing a lawsuit against another officer, who is a relative. (*Id*. at 8, 10).

Based on these allegations, the Court finds it convenient to designate the following enumerated counts in the *pro se* First Amended Complaint:

**Count 1:** Defendants subjected Plaintiff to the unauthorized use of force and threats and/or failed to intervene and stop its use on July 27, 2019, in violation of Plaintiff's rights under the Fourteenth Amendment Due Process Clause.

**Count 2:** Defendants denied Plaintiff necessary medical care for injuries caused by the unauthorized use of force against Plaintiff on July 27, 2019, in violation of Plaintiff's rights under the Fourteenth Amendment Due Process Clause.

**Count 3**: Defendants retaliated against Plaintiff for complaining about the lack of running water in his cell and/or filing suit against Officer John Doe 2's relative by subjecting him to excessive force and denying him medical care for his injuries, in violation of Plaintiff's rights under the First Amendment.

**Count 4:** Defendant Benzing issued a false report against Plaintiff for aggravated battery of an officer, in violation of Plaintiff's rights under the Fourteenth Amendment Due Process Clause.

**Any claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

### Discussion

The allegations articulate colorable claims against all the defendants in Counts 1, 2, and 3. *See McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018) (citing *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018)) (articulating legal standards for excessive force and medical claims brought by pretrial detainees). *See also Antoine v. Ramos*, 497 F. App'x 631, 634

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

(7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005, 1012 (7th Cir. 2002) (articulating legal standard for First Amendment retaliation claim).  These three claims shall receive further review.

However, Count 4 shall be dismissed.  Plaintiff challenges a disciplinary report issued against him as being false, and he seeks its expungement.  He offers no details about the report, when it was issued, and what punishment he received.  He points to no violation of his due process rights in connection with the report.  Plaintiff instead relies entirely on conclusory allegations that the report was false and a violation of his constitutional rights.  This is not enough to survive preliminary review.  *See Brooks v. Ross*, 578 F.3d 574 (7th Cir. 2009) (a court need not accept as true "legal conclusion[s, or t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements").  Plaintiff must include a "short and plain statement" showing that he is entitled to relief, and the allegations do not satisfy these basic pleading standards.  *See* FED. R. CIV. P. 8(a)(2).  His allegations state no plausible claim for relief.  *See Twombly*, 550 U.S. 544, 556 (2007).  Count 4 shall be dismissed without prejudice for failure to state a claim.

### Identification of Unknown Defendants

Plaintiff shall be allowed to proceed with Counts 1, 2, and 3 against Officers John Doe 1, 2, and 3.  However, he must identify these unknown defendants with particularity before service of the First Amended Complaint can be made on them.  Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of these individuals.  *Rodriguez*, 577 F.3d at 832.  The Clerk of Court shall be directed to add an official capacity claim against Jail Administrator Kenny Benzing for the sole purpose of responding to discovery aimed at identifying these unknown defendants by name.  Once the names are discovered, Plaintiff must file a motion to substitute each newly-identified defendant in place of the unknown defendants.

**Disposition**

**IT IS ORDERED** that the First Amended Complaint (Doc. 18) survives screening, as follows: **COUNTS 1, 2,** and **3** will proceed against **ALL DEFENDANTS** in their individual capacities.  **COUNT 4** is **DISMISSED** without prejudice for failure to state a claim for relief.

**Because this suit addresses one or more medical claims, the Clerk of Court is DIRECTED to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**The Clerk of Court is also DIRECTED to ADD an official capacity claim against Defendant KENNY BENZING, and he shall respond to discovery aimed at identifying the unknown defendants with particularity.**

The Clerk of Court shall prepare for Defendants **KENNY BENZING (in his individual and official capacities)** and, once identified, **C/O JOHN DOE 1, C/O JOHN DOE 2,** and **C/O JOHN DOE 3**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 18), and this Memorandum and Order to each Defendant's place of employment.  If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on Defendants **C/O JOHN DOE 1, C/O JOHN DOE 2,** or **C/O JOHN DOE 3** until Plaintiff has identified these individuals by name in a properly filed motion for substitution of parties.  Plaintiff is **ADVISED** that it is his responsibility to provide the Court

with the name and service address of these individuals, and he is **WARNED** that failure to do so may result in their dismissal from this action.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

**IT IS SO ORDERED**.

DATED: 1/20/2021                                      s/J. Phil Gilbert
                                                     **J. PHIL GILBERT**
                                                     **United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your First Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your First Amended Complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.