IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERRY B. EZEBUIROH, #S12813, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 20-cv-00205-JPG |
| | ) |
| DYLAN WILLIS | ) |
| LEE SMITH,[1] | ) |
| KENNY BENZING,[2] | ) |
| and CODY CASNER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for consideration of a Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendants Dylan Willis, Leath Smith, and Cody Casner. (Doc. 88). Plaintiff Jerry Ezebuiroh filed two short responses in opposition to the motion. (Docs. 95 and 96). For the reasons set forth herein, the motion shall be **GRANTED** and this case **DISMISSED**.

### BACKGROUND

Plaintiff Jerry Ezebuiroh filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 on February 21, 2020. In the Amended Complaint (Doc. 18), Ezebuiroh alleged deprivations of his constitutional rights at Marion County Law Enforcement Center ("Jail"). His claims stem from

---

[1] Leath Smith pointed out that Ezebuiroh incorrectly spelled his name as "Lee Smith" in all submissions to the Court. (*See* Doc. 89). The correct spelling of his name is "Leath Smith." (*See id.*). The Clerk's Office shall be **DIRECTED** to **SUBSTITUTE** Defendant **LEATH SMITH** in place of "Lee Smith" in CM/ECF, and the parties and Court shall refer to this defendant as "Leath Smith" going forward.

[2] Kenny Benzing was named as a defendant, in his official capacity only, for the sole purpose of identifying the unknown "Doe" defendants with particularity. (*See* Doc. 33). All unknown defendants have been identified and served with this lawsuit. (*See* Doc. 65). Accordingly, Benzing shall be **DISMISSED**.

1

the defendants' unauthorized use of force against him on July 27, 2019, and their subsequent denial of medical care for his injuries, all in retaliation against Ezebuiroh for complaining about the lack of running water in his cell. (*Id*. at 8-18).

Following screening of this matter pursuant to 28 U.S.C. § 1915A, Ezebuiroh was allowed to proceed with Fourteenth Amendment due process claims against Defendant Dylan Willis, Leath Smith, and Cody Casner for subjecting him to the unauthorized use of force or failing to intervene and stop the use of force against him on July 27, 2019 (Count 1); denying him medical care for the injuries he sustained on July 27, 2019 (Count 2); and retaliating against him for engaging in protected speech (Count 3). (Doc. 33). At screening, the Court dismissed a fourth claim without prejudice against Kenny Benzing for issuing Ezebuiroh a false disciplinary ticket (Count 4). (*Id*.).

## MOTION FOR SUMMARY JUDGMENT

Defendants Willis, Smith, and Casner moved for summary judgment based on Ezebuiroh's failure to exhaust his available administrative remedies before bringing suit. (Docs. 88-89). They describe a four-step grievance process at the Jail. (Doc. 89, ¶ 4). The first step requires an inmate to discuss his complaint with an officer in an attempt to resolve the issue informally. (*Id*. at ¶ 6). If this does not work, the inmate should next submit a grievance form to the Jail's sergeant. (*Id*. at ¶ 7). If he is not satisfied with the result, the inmate should then proceed to the third step of the grievance process by submitting the grievance form to the Jail's administrator. (*Id*. at ¶ 8). In step four, the inmate must submit his written grievance to the sheriff. (*Id*. at ¶ 9). The Jail's grievance form describes each step of this process. (*Id*. at ¶ 5).

A grievance must be filed within twenty-four hours of the incident giving rise to the grievance. (*Id*. at ¶ 10). Inmates also have twenty-four hours from the denial of a grievance at any level to appeal that decision to the next level. (*Id*. at ¶ 11).

Defendants point out that the Jail files where grievances are maintained in the ordinary course of business contain no grievance addressing the claims at issue in this case from July 2019. (*Id*. at ¶ 12). The file contains only two grievances dated July 29, 2019 and July 30, 2019. (*Id*. at ¶ 13). However, neither one mentions the issues in this case. (*Id*. at ¶ 14). Ezebuiroh instead asserts that he exhausted his administrative remedies by speaking to an unspecified staff member, who, according to Ezebuiroh, "told [plaintiff] it was not right, but it is over his head." (*Id*. at ¶ 15). Defendants seek summary judgment against Ezebuiroh based on his failure to exhaust his available administrative remedies before bringing suit. (Docs. 88-89).

### PLAINTIFF'S RESPONSE

In response to the motion for summary judgment, Ezebuiroh filed two single-page documents. (Docs. 95 and 96). Neither one addresses any aspect of Defendants' motion. In the initial Response filed December 7, 2021, Ezebuiroh states that he never received any responses to grievances he wrote on defendants, and he does not know how the grievance process works under the circumstances. (Doc. 95). In the second Response filed December 10, 2021, Ezebuiroh states that he has the grievances that he wrote on the defendants, but he doesn't know how to send them to the right people. (Doc. 96). Ezebuiroh provided no copies of his grievances with either Response. (*See id*.).

### LEGAL STANDARDS

**A.     Summary Judgment**

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party is entitled to judgment as a matter of law when the pleadings, answers to interrogatories,

depositions, and admissions, along with affidavits, show that there is no genuine issue of material fact. FED. R. CIV. P. 56(c). Any doubt about the existence of a genuine issue must be resolved in favor of the nonmoving party, *i.e.*, the prisoner. *Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004).

Generally, on summary judgment, the district court's role is not to weigh evidence or judge witness credibility. When deciding a motion for summary judgment on the issue of exhaustion, however, a different standard applies. *Pavey v. Conley*, 544 F.3d 739, 739-41 (7th Cir. 2008). The Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to exhaust. *See Pavey*, 544 F.3d at 742. After hearing evidence, finding facts, and determining credibility, the court must decide whether to allow the claim to proceed or to dismiss it for failure to exhaust. *See Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018) (citing *Pavey*, 544 F.3d at 742). However, no hearing is required if no material facts are disputed. *See Doss v. Gilkey*, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009) (no hearing required where there are "no disputed facts regarding exhaustion, only a legal questions"). The instant motion requires no hearing.

**B.     PLRA Exhaustion Requirement**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), governs lawsuits filed by inmates about the conditions of their confinement pursuant to 42 U.S.C. § 1983. The PLRA provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has interpreted the PLRA to require "proper exhaustion" before filing suit. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Perez v. Wis. Dept. of Corr.*,182 F.3d 532, 534-535 (7th

4

Cir. 1999) (stating that § 1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). This means that an inmate must "us[e] all steps that the agency holds out, and do[ ] so properly (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Put differently, an inmate must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025.

### DISCUSSION

Ezebuiroh failed to exhaust his administrative remedies before filing suit. He did not challenge any of Defendants' proposed findings of fact, and the undisputed facts warrant judgment in favor of both defendants. Accordingly, their motion for summary judgment shall be granted.

Ezebuiroh received a warning about the consequences of failing to respond to the summary judgment motion. In a Rule 56 Notice entered when Defendants filed their motion for summary judgment, the Court explained that "[i]f a party fails . . . to properly address another party's assertion of fact," the Court may "consider the fact undisputed for purposes of the motion" pursuant to Rule 56(e) of the Federal Rules of Civil Procedure. (Doc. 90). To demonstrate a genuine issue of material fact for trial, Ezebuiroh could have relied on affidavits, depositions, answers to interrogatories, or admissions on file. *Celotex Corp.*, 477 U.S. at 324-25. Ezebuiroh offered no such thing—simply stating that he possesses the grievances he filed against the defendants but received no response to them. (Docs. 95-96). However, he did not produce copies of them at summary judgment, so the Court cannot discern whether they even address the defendants or claims in this case.

Under the circumstances, the Court accepts Defendants' facts as undisputed. *See* FED. R. CIV. P. 56(e). Accordingly, the Court finds that Ezebuiroh submitted no grievances addressing the

5

defendants' use of unauthorized force against him on July 27, 2019, their denial of medical care for his resulting injuries on July 27, 2019, or their retaliation against him.  (*See* Doc. 89, ¶¶ 1-15).  He has not demonstrated proper or complete exhaustion of his administrative remedies.

In order to pursue his claims against the defendants, Ezebuiroh was first required to complete each of the four steps in Marion County Jail's grievance process and do so in a timely manner.  The procedure required him to: (1) discuss his complaint with an officer in an attempt to resolve the issue informally; (2) submit a grievance form to the Jail's sergeant; (3) appeal the grievance response to the Jail's administrator; and (4) submit his written grievance to the sheriff.  (*Id*. at ¶¶ 4-11).  He was required to initiate this grievance process within twenty-four hours of the incident giving rise to the grievance and also file appeals to the next level within twenty-four hours of each denial.  (*Id*. at ¶ 10).  The undisputed facts reveal that Ezebuiroh failed to comply with this process in connection with Counts 1, 2, or 3 against Defendants Willis, Smith, or Casner.  Based on the foregoing, the Court finds that the defendants are entitled to summary judgment.

## DISPOSITION

The Clerk's Office is **DIRECTED** to **SUBSTITUTE** Defendant **LEATH SMITH** in place of "Lee Smith" as a party in CM/ECF.

**IT IS ORDERED** that the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Dylan Willis, Leath Smith, and Cody Casner (Doc. 88) is **GRANTED**.

**IT IS ORDERED** that **COUNTS 1, 2,** and **3** against Defendants **DYLAN WILLIS, LEATH SMITH,** and **CODY CASNER** are **DISMISSED** without prejudice based on Ezebuiroh's failure to exhaust his available administrative remedies in compliance with the Prison Litigation Reform Act before bringing suit.

**IT IS ORDERED** that **COUNT 4** against Defendant **KENNY BENZING** was previously **DISMISSED** without prejudice for failure to state a claim at screening, and it remains dismissed without prejudice.  In addition, the official capacity claim against Defendant **KENNY BENZING** is **DISMISSED** without prejudice because all unknown defendants have been identified.

**IT IS ORDERED** that all pending motions (Doc. 103) are **TERMINATED**.

If Ezebuiroh wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Ezebuiroh plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  Because he has "struck out," Ezebuiroh's motion will be denied and he will be obligated to prepay the entire $505.00 appellate filing fee before proceeding with the appeal unless he demonstrates imminent danger of serious physical injury in connection with his appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2).  Moreover, if the appeal is found to be nonmeritorious, Ezebuiroh may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

DATED: 7/8/2022

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
